IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MONTE EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19CV998 |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC and ) | |
| NAVY FEDERAL CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Monte Edwards ("Edwards"), appearing *pro se*, initiated an action against Defendants, Navy Federal Credit Union ("Navy Federal") and Equifax Information Services, LLC ("Equifax") in Forsyth County Superior Court on May 15, 2019. (ECF No. 1 ¶ 1.) Plaintiff filed a document entitled "Motion To Amended Affidavit & Verified Complaint" in state court on August 26, 2019. (ECF Nos. 1-1 at 3–9; 2.) On September 26, 2019, Defendant Equifax removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1.) Before the Court are Defendant Equifax's Motion to Dismiss, (ECF No. 7), and Motion to Strike Amended Complaint, (ECF No. 24), as well as Defendant Navy Federal's Motion to Dismiss, (ECF No. 28.) For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction to entertain this matter and, therefore, remands the case to the Forsyth County Superior Court for further proceedings.

## I. BACKGROUND

According to Plaintiff's Complaint,[1] on approximately December 8, 2015, Plaintiff learned that he was a victim of identity theft when applying to purchase a vehicle with Carmax AutoMart. (ECF No. 2 ¶ 11.) Plaintiff was subsequently advised to file a police report and dispute items he found on his credit report that "were not recognized by [his] authority." (*Id.* at ¶ 12.) After filing a report with the Winston-Salem Police Department, Plaintiff called Defendants Navy Federal and Equifax to file disputes and find out how they obtained his information. (*Id.* ¶ 13.) Edwards attempted to resolve the issue with Navy Federal and Equifax over the course of 57 months by filing over 13 disputes. (*Id.* ¶ 15.) However, these attempts to resolve the discrepancies on his credit file were unsuccessful. (*Id.* ¶¶ 15–17.) On approximately July 20, 2018, Edwards entered into a verbal agreement with Navy Federal to settle the account for $113.00, in exchange for Navy Federal removing the item from his credit file. (*Id.* ¶ 16.) However, despite satisfying his obligation under the agreement with Navy Federal, the item remained on Edwards's credit file. (*Id.*) Plaintiff then filed this action.

Plaintiff's Complaint sets forth three claims for relief: (1) "Unauthorized & Breach of Agreement"; (2) "Quantum Mer[u]it"; and (3) the "Unfair and Deceptive Trade Practices Act." (*Id.* at 3–4.) All three claims for relief address only the actions of Navy Federal and are based on Edwards's assertion that Navy Federal breached the verbal settlement agreement described above. (*Id.*) Equifax now moves to dismiss Plaintiff's Complaint and further moves to strike

---

[1] Defendant's Petition For Removal references and attaches the document entitled "Motion To Amended Affidavit & Verified Complaint" as Attachment A (ECF No. 1-1 at 3 and ECF No. 2) Both parties treat this as the operative complaint and this Court will do likewise here.

the Amended Complaint filed by Plaintiff on March 17, 2020. In addition, Navy Federal moves to dismiss the Amended Complaint filed on March 17.

## II. SUBJECT MATTER JURISDICTION

As a threshold matter, before addressing the merits of Defendants' motions, this Court must evaluate whether it has subject matter jurisdiction. "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Even though neither party raises the issue of jurisdiction in this case, because subject matter jurisdiction relates to a court's power to hear a case, the Court has an independent obligation to ensure that it is properly exercising jurisdiction over all matters that come before it. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005).

Here, Defendant's Notice of Removal is filed pursuant to 28 U.S.C §§ 1441 and 1446. (ECF No. 1 at 1.) A Defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden rests with the party seeking removal. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). The court must strictly construe its removal jurisdiction, and if jurisdiction is doubtful, remand is necessary. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A civil action can 'arise

3

under' federal law in two ways." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). "Most commonly, 'a case arises under federal law when federal law creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). However, there is also a "slim category" of cases, *Gunn*, 568 U.S. at 258, "in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Burrrell v. Bayer Corp.*, 918 F. 3d 372, 380 (4th Cir. 2019) (quoting *Franchise Tax Bd.*, 463 U.S. 1, 28 (1983)). In such instances, "there must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, properly analyzed, arises only under state law." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (Rev. 4th ed. 2020).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[t]he mere reference to some aspect of federal law in the complaint does not automatically mean that an action is removable." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (Rev. 4th ed. 2020); *see also Merrell Dow Pharms. Inc. v. Thompson,* 478 U. S. 804, 813 (1986) ([T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). Nor does a question of federal law in the form of an affirmative defense such as preemption make state claims into ones arising under federal law. *See Burrell*, 918 F.3d at 382 (citing *Pinney v. Nokia, Inc.,* 402 F.3d 430, 446 (4th Cir. 2005).

4

In this case, Defendant Equifax's Petition For Removal sets forth as the jurisdictional basis for its removal the following:

> This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically, 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:
>
> (a) Plaintiff's Complaint, on its face, alleges a violation of the FCRA. (See Plaintiff's Complaint).
>
> (b) The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."

(ECF No. 1 ¶ 4.)

Contrary to Equifax's statement in its Petition of Removal that "15 U.S.C. § 1681(p) provides that *any action alleging* a violation" of the FCRA may be brought in federal court (ECF No. 1 ¶ 4(b)) (emphasis added), the actual language of § 1681p provides that "[a]n action *to enforce any liability created under this subchapter* may be brought in any appropriate United States district court. . . ." 15 U.S.C. § 1681p (emphasis added). Thus, for 15 U.S.C. § 1681p to serve as the basis for removal in this case as Equifax contends, the Court must find that Plaintiff's action is one to enforce liability under the FCRA. While, on its face, Edwards's complaint states that "[t]his action is to recover damages for Fair Credit Report Act (FCRA) Violations of Section 623-b" (ECF No. 2 ¶ 5), the complaint sets forth only the three claims of relief, discussed earlier, which grow out of the settlement agreement between Edwards and Navy Federal, each of which originate in state contract law. (*See* ECF No. 2 at 2–4.) This Court is,

5

therefore, unable to find that Plaintiff's action is, in fact, an action to enforce liability under the FCRA and that, therefore, 15 U.S.C. § 1681p does not create the basis for jurisdiction in this Court.

Consequently, unless Plaintiff's action falls within the "slim category" of case where state law supplies the cause of action but federal courts have jurisdiction because the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, this case must be remanded to state court. To make this determination the Court must apply the four-part test articulated by the Supreme Court in *Gunn,* that "a federal issue [must be]: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four elements must be satisfied. *Id.* The Supreme Court cautions courts in exercising jurisdiction in this category of cases, which the Court states lie at "the outer reaches of § 1331." Burrell, 918 F.3d at 380 (quoting *Merrell Dow,* 478 U. S. at 819).

First, for a federal question to be "necessarily raised" it must be a "'necessary element of one of the well-pleaded state claims.'" *Burrell*, 918 F.3d at 381 (quoting *Franchise Tax Bd.*, 463 U.S. at 13 (1983)). "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that '*every* legal theory supporting the claim requires the resolution of a federal issue.'" *Id.* at 383. Here, all of Edwards's claims are rooted in state contract law, and none of these causes of action contain a federal question as a necessary element or require the resolution of a federal question to resolve the claims.

Second Plaintiff's complaint does not demonstrate that a federal question is "actually disputed" by the parties. The dispute in Edwards's complaint surrounds the creation of a

6

verbal contract with Navy Federal, the breach of that contract, and whether he is entitled to equitable relief if no contract is found.  Even Plaintiff's unfair and deceptive trade practices claim only references the circumstance involving the settlement agreement.  The factual allegations and causes of action do not allege any dispute related to any aspect of federal law.  The dispute between the parties is not regarding whether Edwards's rights were violated under the FCRA, although he claims such rights were in fact violated.  Rather, the dispute between the parties focuses on whether there was a contract between Edwards and Navy Federal to remove the items from his account, and whether Navy Federal breached that agreement.  Thus, no federal question is "actually disputed" by the parties.

Third, Edwards's complaint does not demonstrate that a "substantial" federal question exists to be resolved by this court.  The fact "that a plaintiff's state-law claim necessarily raises some contested federal issue" is insufficient for establishing substantiality.  *Burrell*, 918 F.3d at 384; *see also Merrell Dow v. Thompson*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").  A substantial federal question generally involves "the constitutionality or construction of a federal statute."  *Burrell*, 918 F.3d at 385.  Furthermore, "a 'substantial' question generally will involve a 'pure issue of law,' rather than being 'fact-bound and situation-specific,' because the crux of what makes a question 'substantial' for § 1331 purposes is that it is 'importan[t] . . . to the federal system as a whole,' and not just to the 'particular parties in the immediate suit[.]'" *Id.* (internal citations omitted).  This case does not require that the Court determine the constitutionality or construction of the FCRA or FDCPA, and there are no pure issues of law

7

<mark>Case 1:19-cv-00998-LCB-LPA   Document 39   Filed 09/14/20   Page 7 of 8</mark>

to be determined regarding those federal statutes. Rather, this case only involves questions of state contract law. Consequently, no "substantial" federal question exists.

Under § 1331, federal question jurisdiction only exists in a case such as the one before the court "'if [the] case meets all four requirements' of the Supreme Court's four-prong standard." *Burrell*, 918 F.3d at 386. Because this case fails to do so, this Court concludes that it does not have federal question jurisdiction. Accordingly, this case must be remanded to state court.

For the reasons stated herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that because this Court lacks subject matter jurisdiction over this action, the action is REMANDED to the General Court of Justice, Superior Court Division, Forsyth County, North Carolina.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action upon remand.

This, the 14th day of September 2020.

/s/Loretta C. Biggs
United States District Judge